# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 17-675V
Filed: January 19, 2018
Not to be Published.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SHANNON FINCH, | \* |
| | \* |
| Petitioner, | \* |
| | \* |
| v. | \* |
| | \* |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

Influenza ("flu") vaccine; GBS;
CIDP; five-month onset;
petitioner moves to dismiss

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Joseph A. Vuckovich, Washington, DC, for petitioner.
Christine M. Becer, Washington, DC, for respondent.

**MILLMAN, Special Master**

# DECISION[1]

On May 22, 2017, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that influenza ("flu") vaccine administered on September 23, 2015 caused her Guillain-Barré Syndrome ("GBS") and chronic inflammatory demyelinating polyneuropathy ("CIDP"). Pet. at ¶¶ 5 and 9.

On January 17, 2018, petitioner filed a Motion for a Decision Dismissing her Petition. She states that "she will be unable to prove that she is entitled to compensation in the Vaccine Program" and that "to proceed further would be unreasonable and would waste the resources" of the court, respondent, and the Vaccine Program. Pet'r's Mot. at 1.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

The undersigned **GRANTS** petitioner's Motion for a Decision Dismissing her Petition and **DISMISSES** this case.

## FACTS

### Medical Records

The medical records show that petitioner's onset of GBS, if she had GBS, was five months after flu vaccination, which means that she does not satisfy the Table requirement of onset of GBS within 3-42 days of vaccination.  See 42 C.F.R. § 100.3(c)(15)(i).  In addition, the Qualifications and Aids to Interpretation ("QAI") of the Vaccine Injury Table have exclusionary criteria, including the failure of someone to recover from GBS and having the diagnosis of CIDP, both of which preclude the GBS from being a Table injury.  See 42 C.F.R. § 100.3(c)(15)(vi).

As for causation in fact from the vaccination, the undersigned does not consider onset more than two months after flu vaccination to be compensable.  See Corder v. Sec'y of HHS, No. 08-228V, 2011 WL 2469735 (Fed. Cl. Spec. Mstr. May 31, 2011) (dismissed suit involving four-month onset of GBS after flu vaccination).

## DISCUSSION

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury."  Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause of and effect showing that the vaccination was the reason for the injury [,]" the logical sequence being supported by a "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioner's affirmative duty to show actual or legal causation."  Grant, 956 F.2d at 1149.  Mere temporal association is not sufficient to prove causation in fact.  Id. at 1148.

Petitioner must show not only that but for flu vaccine, she would not have GBS and CIDP, but also that flu vaccine was a substantial factor in causing her GBS and CIDP.  Shyface

2

v. Sec'y of HHS, 165 F.3d 1344, 1352 (Fed. Cir. 1999). From her medical records, it is doubtful that she even had GBS or CIDP. Med. recs. Ex. 10, at 8, 10. Moreover, she had neurological symptoms before receiving flu vaccine. Med. recs. Ex. 2, at 52, 100.

The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on her allegations unsubstantiated by medical records or medical opinion. The medical records do not support petitioner's allegations. She has not filed a medical expert opinion in support of her allegations.

Petitioner moves for a decision dismissing her petition.

The undersigned **GRANTS** petitioner's motion and **DISMISSES** this petition.

## CONCLUSION

The petition is **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: January 19, 2018                                         /s/ Laura D. Millman
                                                                                Laura D. Millman
                                                                                Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.