# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 17-675V

Filed: July 24, 2018

Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SHANNON FINCH, | * |
| | * |
| | * |
| Petitioner, | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

Attorneys' fees and costs decision;
lack of reasonable basis

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Joseph A. Vuckovich, Washington, DC, for petitioner.
Christine M. Becer, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION DENYING AN AWARD OF ATTORNEYS' FEES AND COSTS[1]

On May 22, 2017, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012), alleging that influenza ("flu") vaccine administered on September 23, 2015 caused her Guillain-Barré syndrome ("GBS") and chronic inflammatory demyelinating polyneuropathy ("CIDP").   Pet. at ¶¶ 5 and 9.   On January 19, 2018, the undersigned dismissed the case.   On June 29, 2018, petitioner filed a motion for attorneys' fees and costs.   For the reasons set forth below, the undersigned **DENIES** petitioner's motion for attorneys' fees and costs.

## PROCEDURAL HISTORY

Petitioner filed her petition on May 22, 2017.   The case was assigned to the undersigned on May 23, 2017.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.   When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.   If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

Petitioner filed medical records and an affidavit.   On July 17, 2017, petitioner filed a statement of completion of the record.

In her Order of August 11, 2017, the undersigned raised her concern about whether, in light of the medical records and opinions of the treating doctors, it was reasonable for petitioner to proceed.   Doc 13.   The undersigned listed numerous issues including that the onset of GBS was over 5 months after vaccination,[2] petitioner had pre-existing peripheral neuropathy in her feet and numbness in her hands and knees, and a doctor[3] opined that petitioner never had GBS.   Id. at 1-2.

During the initial status conference held on August 22, 2017, the undersigned discussed the Order of August 11, 2017 with the parties.   Petitioner's counsel discussed the possibility of amending her petition to allege significant aggravation of a preexisting neurological injury and requested time to consider how to proceed.

During a status conference held on October 5, 2017, petitioner's counsel requested 30 days to get in touch with petitioner's treating neurologist, Dr. Oakley Bailey, who diagnosed her with GBS on February 24, 2016.   The undersigned suggested that petitioner's counsel send Dr. Bailey the Order of August 11, 2017 with petitioner's full medical records.

On November 17, 2017, the undersigned gave petitioner until December 18, 2017 to either move to dismiss the petition or file a status report.

On December 18, 2017, petitioner's counsel filed a status report which was an informal motion for an extension of time to determine whether Dr. Bailey was willing to support petitioner's allegations.   On December 19, 2017, the undersigned gave petitioner until January 17, 2018 to file either Dr. Bailey's report and records or a motion to dismiss the case.

On January 17, 2018, petitioner moved to dismiss the petition stating she was unable to prove her case.

On January 19, 2018, the undersigned dismissed the case.   Judgment entered on February 22, 2018.

On June 29, 2018, petitioner filed a motion for attorneys' fees and costs.   Petitioner requests $17,459.10 in attorneys' fees and $653.91 in attorneys' costs, for a total request of $18,113.01.   In accordance with General Order #9, petitioner did not incur any personal costs.

On July 13, 2018, respondent filed a response objecting to an award of attorneys' fees and costs because petitioner failed to establish a reasonable basis for her claim.   Resp. at 3. Respondent argued that "the reasonable basis analysis must focus on whether there is evidentiary

_____

[2] On February 16, 2016, petitioner saw Dr. Saab for a new onset of numbness of her fingers and weakness of her upper extremities in addition to severe motor weakness of her lower extremities.   Med. recs. Ex. 2, at 232.   This occurred five months after she received flu vaccine.

[3] On April 28, 2017, petitioner saw Dr. Michelle Paff, a neurosurgeon, who found insufficient evidence for petitioner being diagnosed with GBS because her NCS/EMG was normal with no demyelination, no conduction delays, and normal amplitudes.   Med. recs. Ex. 10, at 8.

support for the claim set forth in the petition, not whether counsel acted reasonably in filing the petition."   Id. at 4 (citing Simmons v. Sec'y of HHS, 875 F.3d 632, 636 (Fed. Cir. 2017)).

On July 20, 2018, petitioner replied to respondent's opposition to her motion for attorneys' fees and costs.   Petitioner stated, before filing the petition, her counsel relied on several extensive interviews with petitioner and her husband via telephone to obtain "petitioner's perspective on the development of her neurological condition, including the time of symptom onset."   Reply at 2.   Because petitioner's counsel found both petitioner and her husband credible, he "used the information they provided to inform his interpretation of the medical record."   Id.   Petitioner argued that the inconsistencies in her medical records do not negate its reasonable basis because the records, taken as a whole can be interpreted to support the assertions in the petition.   Id. at 5.   Petitioner differentiated this case from Simmons as the statute of limitations was not an issue here.   Id. at 6.   Petitioner argued that the objective inquiry in Simmons does not abrogate the totality of the circumstances test and a special master's analysis may include an examination of a number of objective factors.   Id. at 6-7 (citing Amankwaa v. Sec'y of HHS, No. 17-36V, 2018 WL 1125853, at *5 (Fed. Cl. Spec. Mstr. Jan. 5, 2018), rev'd, 2018 WL 3032395 (Fed. Cl. June 4, 2018); and Amankwaa, 2018 WL 3032395, at *7).

This matter is now ripe for adjudication.

## DISCUSSION

### I.   Entitlement to Fees Under the Vaccine Act

#### a.   Legal Standard

Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims may award fees and costs for an unsuccessful petition if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."   42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013).

"Good faith" is a subjective standard.   Hamrick v. Sec'y of HHS, No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).   A petitioner acts in "good faith" if he or she holds an honest belief that a vaccine injury occurred.   Turner v. Sec'y of HHS, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).   Petitioners are "entitled to a presumption of good faith."   Grice v. Sec'y of HHS, 36 Fed. Cl. 114, 121 (Fed. Cl. 1996).

"Reasonable basis" is not defined in the Vaccine Act or Rules.   Deciding whether a claim was brought in good faith and had a reasonable basis "is within the discretion of the Special Master."   Simmons v. Sec'y of HHS, 128 Fed. Cl. 579, 582 (2016), aff'd, 875 F. 3d 632 (Fed. Cir. 2017) (quoting Scanlon v. Sec'y of HHS, 116 Fed. Cl. 629, 633 (2014) (citing Davis v. Sec'y of HHS, 105 Fed. Cl. 627, 633 (2012)).   In determining reasonable basis, the Federal Circuit has clarified in Simmons that it is "an objective inquiry unrelated to counsel's conduct."   Simmons, 875 F. 3d at 636.

**b. Good faith and reasonable basis**

Petitioner is entitled to a presumption of good faith, and respondent does not contest that the petition was filed in good faith.   <u>Grice</u>, 36 Fed. Cl. at 121.   There is no evidence that this petition was brought in bad faith.   Therefore, the undersigned finds that the good faith requirement is satisfied.   However, for the reasons outlined below, the undersigned finds petitioner did not have a reasonable basis to bring her claim.

Petitioner filed her petition after March 20, 2017 when the U.S. Department of Health and Human Services added Table injuries to the Vaccine Injury Table, including GBS following flu vaccine.   42 C.F.R. § 100.3(a).   In order to qualify for the Table injury GBS, a petitioner must actually have GBS and the onset must occur within 3-42 days of vaccination.   Petitioner had the onset of her difficulty walking occurring in July 2015, three months before flu vaccination.   The medical records show that the alleged onset of petitioner's GBS was February 16, 2016, over five months after petitioner's September 23, 2015 flu vaccination.   Thus, petitioner would not satisfy the Table requirement of onset of 3-42 days.   Petitioner had no reasonable expectation that she would prevail on a causation-in-fact basis either because the undersigned does not consider causation more than two months past flu vaccination compensable.   <u>See</u> <u>Corder v. Sec'y of HHS</u>, No. 08-228V, 2011 WL 2469735 (Fed. Cl. Spec. Mstr. May 31, 2011) (dismissed suit involving four-month onset of GBS after flu vaccination).   Nonetheless, the undersigned gave petitioner over three months to get an opinion from Dr. Bailey, who diagnosed her with GBS.   At no point during the course of these proceedings did petitioner provide a theory causally connecting her vaccination to any alleged injury.   Petitioner did not file a medical expert report in support of her allegations.

<u>Simmons</u> holds that the reasonable basis analysis must focus on whether there is evidentiary support for the claim set forth in the petition.   <u>Simmons</u>, 875 F. 3d at 636.   In keeping with the Vaccine Act and the Federal Circuit's decision in <u>Simmons</u>, the undersigned applies the reasonable basis standard by focusing on the objective evidence only.   After she reviewed petitioner's medical records, the undersigned issued an Order on August 11, 2017 addressing the weaknesses of this case and whether it was reasonable to proceed.   Petitioner's counsel completed his review of the majority of petitioner's medical records (Exhibits 1-7) before filing the petition.   Doc 24-1, at 1-6; Doc 26, at 1-2.   While petitioner's medical records show that the onset of her GBS was five months after her flu vaccination, petitioner's counsel relied on subjective evidence, information provided by petitioner and her husband, to find there was a reasonable basis to file the petition.   Counsel's reliance on his impression based on petitioner's perspective and that of her husband is contrary to <u>Simmons</u>' holding that reasonable basis is an objective inquiry, not a subjective inquiry.   It does not matter what counsel thought or believed unsupported by medical records or medical opinion.   What counsel should have realized through his review, however, was that petitioner's medical records do not support a vaccine-related injury as alleged and she did not have a reasonable basis to bring her claim.

## CONCLUSION

The undersigned finds that an award of attorneys' fees and costs to petitioner is unreasonable.   Therefore, the undersigned **DENIES** petitioner's motion for attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]


**IT IS SO ORDERED.**


Dated: <u>July 24, 2018</u>                                                    <u>s/ Laura D. Millman</u>
                                                                                          Laura D. Millman
                                                                                          Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.